IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNN GAVIN AND DOES 1-10, | No. C 12-05864 RS |
|         Plaintiffs, | **ORDER DISMISSING CASE** |
|    v. | |
| PARK MERCED INVESTORS PROPERTIES LLC, et al., | |
|         Defendants. | |

On March 26, 2013, claims against the SFHA, its employees, and the SFMTA were dismissed without leave to amend. Plaintiff was directed to show cause within thirty days why the claims pending against defendants who had been served but who had not yet appeared in the case should not be dismissed also. Plaintiff responded to that request by stating that dismissing claims against those defendants "may exceed the court's jurisdiction." In support of that contention, plaintiff cites to various unrelated sections within the California Civil Code and California Code of Civil Procedure, as well as seemingly random California court opinions.

Plaintiff applied for, and was granted, status to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under the terms of that statute, "the court shall dismiss the case at any time if the court determines that – […] (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

While a document filed *"pro se* is to be liberally construed" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (internal citations omitted). Plaintiff has not done so here. She has not connected any of the named defendants to a legal violation for which she is entitled to relief. As previously stated, while sympathetic to plaintiff's circumstances, this Court lacks authority to authorize whatever relief it is that plaintiff seeks. As plaintiff has failed to demonstrate the ability to amend her pleadings in such a way as to show she is entitled to legal relief, granting leave to amend would be futile.

Accordingly, plaintiff's claims against Parkmerced Investors, LLC, and the U.S. Department of Housing and Urban Development must be dismissed without leave to amend. The Clerk is instructed to close this case file.

IT IS SO ORDERED.

Dated: 4/26/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE